UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:15-CV-14315-ROSENBERG

FAITH VALIDO,

    Petitioner,

v.

THOMAS DENAULT, JR.,

    Respondent.

                             /

## ORDER REMANDING CASE TO STATE COURT

**THIS CAUSE** is before the Court on Respondent's Motion to Dismiss [DE 12]. The Motion has been fully briefed by the parties. For the reasons set forth below, Petitioner's Petition is remanded to state court.

Respondent removed this case from state court under 28 U.S.C. § 1441(a), which allows for the removal of any civil action in which the district courts of the United States have original jurisdiction, and under 28 U.S.C. § 1442(a)(1), which allows for any civil action brought against an employee of the United States to be removed to federal court. DE 1 at 2.

With respect to § 1441(a), the relief sought by Petitioner is a preliminary injunction for repeat violence. This cause of action originates from section 784.046(2)(a), Florida Statutes. Accordingly, this Court does not have original jurisdiction over Petitioner's claim and § 1441(a) is inapplicable.

With respect to § 1442(a)(1), the parties agree that Respondent is an employee of the United States insofar as Respondent is a postal worker. A postal worker may remove a case to federal court, provided that "[f]ederal officer removal under 28 U.S.C. 1442(a) [is] predicated upon averment of a federal defense." *Mesa v. California*, 489 U.S. 121, 139 (1989). Before

turning to Respondent's defense, the Court examines Petitioner's allegations and her cause of action.

Petitioner alleges that Respondent stalks her, has damaged her automobile, has tampered with her mail, has punctured her car tires, has robbed her of vital information, and has made threatening gestures. Petitioner also alleges that respondent continues to watch her, wait for her, look at her, and take pictures of her. Florida Statute 784.046 allows for a preliminary injunction when:

> Any person who is the victim of repeat violence or the parent or legal guardian of any minor child who is living at home and who seeks an injunction for protection against repeat violence on behalf of the minor child has standing in the circuit court to file a sworn petition for an injunction for protection against repeat violence.
>
> . . .
>
> 'Repeat violence' means two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner's immediate family member.

Petitioner filed her Petition on the premise that she sought to protect her minor child and herself from threats of violence from Respondent.

In response, Respondent argues that Petitioner's claims are baseless and that it is Petitioner—not Respondent—who is responsible for various altercations. Respondent essentially relies upon his status as a federal employee, and the fact that many of the events in this case are alleged to have occurred while he was on duty, to establish his right to remove this case from state court.[1] This is insufficient.

The mere fact that a case may be instituted against a federal employee, and based upon actions of a federal employee while he or she is on duty, is insufficient to warrant removal under § 1442(a)(1). The Supreme Court squarely addressed this issue in *Mesa v. California*, 489 U.S.

---

[1] Respondent also attacks the legal and evidentiary sufficiency of the Petition.

121, 139 (1989). In *Mesa*, two postal workers were cited for traffic violations and charged with criminal acts. *Id.* at 123. One postal worker was charged with driving outside of a laned roadway and colliding with a bicyclist and the other postal worker was charged with speeding and failure to yield to a police car. *Id.* The postal workers removed their state court cases to federal court. *Id.* In *Mesa*, all parties agreed that the postal workers were acting in their capacity as federal employees during the events in question, which § 1442(a)(1) requires for removal. *Id.* at 125. The Supreme Court ultimately rejected the postal worker's position, however, that this was enough to satisfy the statute's requirements. *Id.* at 139. Instead, the Supreme Court held that a federal officer could only remove a case under § 1442(a)(1) if the federal officer had a colorable federal defense. *See id.* In *Mesa*, the postal workers lacked a federally-based defense or a federally-based immunity to the allegations that they had violated state law. Essentially, while the postal workers may have needed to travel on roads to perform their duties, their federal duties did not include a federally-based reason to refuse to yield to a police car or to collide with a bicyclist.

    Here, Respondent has failed to raise any federal defense to the preliminary injunction for repeat violence that Petitioner seeks. While Petitioner may have been on duty during the events in question, Respondent raises no argument that his federal duties would have required him to make threats, to damage Petitioner's property, or to stalk Petitioner or her minor child. While Petitioner may object to the manner in which Respondent discharges his duties (delivers her mail), this has no bearing on the merits of whether an injunction for repeat violence should issue. Respondent has no federally-based defense and, like *Mesa*, this case belongs in state court. While Respondent appears to press the argument that Petitioner's claims should be re-construed as a claim under the Federal Tort Claims Act, this is not the cause of action that Petitioner has brought. Petitioner clearly seeks a preliminary injunction for repeat violence, as evidenced by

her use of a Florida Family Law Rule of Procedure form.  For all of the foregoing reasons, the Court concludes that it does not have subject matter jurisdiction over this case and that removal was improper.  It is therefore

**ORDERED AND ADJUDGED** that this case is **REMANDED** to the Nineteenth Judicial Circuit, in and for Indian River County, Florida.  The Clerk of the Court is directed to **CLOSE THIS CASE** and deny all pending motions **AS MOOT**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 30th day of November, 2015.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE